IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KATHY BIGGERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 3:10-0128 |
| | ) JUDGE SHARP/KNOWLES |
| ACCELECARE WOUND CENTERS, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court upon Plaintiff's "Motion to Compel Defendant to Respond to Plaintiff's Second Set of Interrogatories and Request For Production of Documents or in the Alternative to Extend the Deadline for Completion of Discovery." Docket No. 65. Plaintiff has filed a "Memorandum of Law" in support of the Motion, but the Memorandum does not discuss any legal authorities. Docket No. 65-1. Plaintiff has also filed the Affidavit of her counsel. Docket No. 66-1.

Defendant has filed a Response in opposition to the Motion arguing primarily that Plaintiff's Second Set of Discovery was untimely, that Plaintiff missed the deadline to file a discovery-related Motion, and that Plaintiff has not shown good cause under Rule 16 to modify the Scheduling Order.

The current Case Management Order provides a discovery cut-off deadline of August 30, 2013, and a deadline for filing discovery-related Motions of September 10, 2013. Docket No.

52, p. 5. It also states in relevant part, "All written discovery shall be submitted in sufficient time so that the response may be submitted by the discovery cut-off." *Id*. Plaintiff submitted the written discovery at issue on July 29, 2013, via e-mail. Defendant argues that those discovery requests were untimely because the Responses were due 33 days after July 29 (pursuant to Fed. R. Civ. P. 6(d)), not 30 days after July 29.

The Court notes that the provision at issue does not *require* that written discovery shall be submitted in sufficient time so that the Response shall be due by August 30. It only states that written discovery shall be submitted in sufficient time so that the Response "may be" submitted by the discovery cut-off deadline. Obviously, Defendant's Responses might have been submitted before August 30.

Additionally, the fact that Plaintiff missed the deadline for filing discovery-related Motions by one day can and should be overlooked. Finally, under the circumstances, there is good cause to modify the Scheduling Order.

For the foregoing reasons, the instant Motion to Compel is DENIED, but the Motion to Extend the Deadline for Completion of Discovery is GRANTED for the purpose of Defendant's responding to Plaintiff's Second Set of Interrogatories and Request for Production of Documents which were served on or about July 29, 2013. Defendant shall respond on or before November 23, 2013.

With the permission of Judge Sharp, the jury trial in this case is continued to May 13, 2014.

IT IS SO ORDERED.

_____
E. Clifton Knowles
United States Magistrate Judge

3